UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GUY BECKETT, Personal Representative of the Estate of Lois M. Beckett, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MELLON INVESTOR SERVICES, LLC, a New Jersey limited liability company,

Defendant.

Case No. C06-5245 FDB

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Guy Beckett, personal representative of the Estate of Lois M. Beckett, individually and behalf of others similarly situated, brought this class action in a Washington state court against Defendant Mellon Investor Services, LLC (Mellon) alleging common law claims for breach of contract, breach of fiduciary duties and unjust enrichment, and a state law statutory claim for breach of Washington's Consumer Protection Act, RCW 19.86. Defendant removed the case to this Court, asserting that Plaintiff's state law claims are preempted by the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. § 78bb(f). Plaintiff moves for remand to the state court on the ground that SLUSA does not preempt the action. Defendant moves to dismiss the action on the grounds that SLUSA applies and mandates dismissal. After reviewing all materials submitted by

ORDER - 1

the parties and relied upon for authority, the Court is fully informed and hereby denies Plaintiff's motion for remand and grants Defendant's motion to dismiss Plaintiff's claims.

## BACKGROUND

Plaintiff Guy Beckett is the personal representative of the estate of Lois M. Beckett.  In early 2003, Plaintiff wrote to Mellon in its capacity as the transfer agent for Washington Mutual, Inc., and requested it sell certain share of Washington Mutual stock owned by the Estate of Lois M. Becket.  Mellon processed the security sales and charged Beckett sales transaction service and trading fees.  Theses fees were charged against the stock sale proceeds.  Plaintiff objected to these fees and the resulting net price realized on the stock.  Plaintiff filed a state law class action in Kitsap County Superior Court on behalf of himself as well as on behalf of a putative class of individuals who were paid less than the average price of stocks on the day of transaction due to charges against the proceeds of undisclosed trading and service fees.  Plaintiff's claims allege (1) breach of contract, (2) breach of agency and fiduciary duties, (3) unjust enrichment, and (4) violations of Washington's Consumer Protection Act, RCW 19.86.  Mellon removed the action to this Court pursuant to the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. § 78bb(f).

## SECURITIES LITIGATION UNIFORM STANDARDS ACT

The Securities Litigation Uniform Standards Act of 1998 (SLUSA) provides for the removal and federal preemption of certain state court class actions alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(A).  SLUSA provides, in part:

> (1) Class action limitations
> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

ORDER - 2

15 U.S.C. § 78bb(f)(1).

SLUSA is intended to completely preempt the field of certain types of securities class actions by essentially converting a state law claim into a federal claim and creating federal jurisdiction and venue for specified types of state securities fraud claims. If a state law class action falls under its provisions, SLUSA preempts the action. <u>Rowinski v. Salomon Smith Barney Inc</u>., 398 F.3d 294, 297-98 (3rd Cir. 2005); <u>Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc</u>., 332 F.3d 116, 123 (2nd Cir. 2003); <u>Falkowski v. Imation Corp</u>., 309 F.3d 1123, 1129 (9th Cir. 2002).

SLUSA also provides that such actions may be removed to federal court:

> (2) Removal of covered class actions
>
> > Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

15 U.S.C. § 78bb(f)(2).

Four conditions must be satisfied to trigger the removal and preemption provisions of the SLUSA: (1) the underlying suit must be a covered class action; (2) the action must be based on state or local law; (3) the action must concern a covered security; and (4) the defendant must have misrepresented or omitted a material fact or employed a manipulative device or contrivance in connection with the purchase or sale of that security. <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit</u>, 547 U.S. ___, 126 S.Ct. 1503, 1511-12 (2006); <u>Felton v. Morgan Stanley Dean Witter & Co</u>., 429 F. Supp.2d 684, 690-91 (S.D. N.Y. 2006).

A "covered class action" is a lawsuit in which damages are sought on behalf of more than 50 people. A "covered security" is one traded nationally and listed on a regulated national exchange. 15 U.S.C. § 78bb(f)(5)(B) and (E); <u>Dabit</u>, 126 S.Ct. at 1512. In the instant case, Plaintiff does not dispute that both the class and securities at issue are "covered" under the SLUSA. Plaintiff also does not dispute that the action is based on state law. It is Plaintiff's assertion that the fourth condition is

ORDER - 3

not present in this action.  Plaintiff contends he is entitled to maintain a state law class action in state court on the basis that the allegedly wrongful conduct does not involve a "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security."  Plaintiff argues that the causes of action for breach of contract, breach of fiduciary duty, unjust enrichment, and Consumer Protection Act violations do not allege a misrepresentation or omission and are not connected to the sale or purchase of securities.

Resolution of this issue begins with the recent holding of the Supreme Court in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. ___, 126 S.Ct. 1503 (2006).  The gist of the complaint in Dabit was that Merrill Lynch breached the fiduciary duty and covenant of good faith and fair dealing it owed its brokers by disseminating misleading research and thereby manipulating stock prices.  Id. at 1507.  The issue before the Court was whether Merrill Lynch's alleged wrongdoing occurred "in connection with the purchase or sale" of securities.  Id. at 1512.  The Dabit Court took a broad view of SLUSA and found that even though the plaintiffs lacked the requisite standing to bring a federal securities claim due to their status as holders, as opposed to purchasers or sellers of securities, their state law class action claims were still subject to dismissal under SLUSA.  Dabit, 126 S.Ct. at 1512-15.  The Court interpreted "in connection with the purchase or sale" as requiring only that the fraud 'coincide' with a securities transaction-whether by the plaintiff or by someone else.  Dabit, 126 S.Ct. at 1513.  The Court emphasized that "the magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated" and that "federal law, not state law, has long been the principal vehicle for asserting class-action securities fraud claims."  Id. at 1509, 1514.

In light of Dabit, regardless of the framing of the cause of action, the alleged wrongdoing asserted here, charging transaction and service fees without authorization and paying the sellers of stock less than the average sales price of the stock on the day of a sales transaction, necessarily occurred in connection with the sale or purchase of stock.

ORDER - 4

1    The issue then becomes whether the causes of action assert a "misrepresentation or omission" in connection with the sale or purchase.  Plaintiff's causes of action allege breach of contract, breach of fiduciary duties, unjust enrichment and a Washington Consumer Protection Act claim.  There is no explicit reference to any fraudulent activity such as a misrepresentation or omission of material fact.  One may reasonably infer that Plaintiff has framed the pleading in an effort to avoid SLUSA preemption.  See, Felton v. Morgan Stanley Dean Witter & Co., 429 F.Supp.2d 684, 692 (S.D. N.Y. 2006).  This does not, however, end our inquiry.  As stated in Felton, "[w]hile facially the Amended Complaint alleges a common law claim for breach of contract, the question is whether plaintiffs are engaging in artful pleading to disguise substantive allegations that Morgan Stanley engaged in '[a] misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security,' as those words are used in SLUSA." Id., at 693.  Under SLUSA, the Court must look beyond the face of the complaint to analyze the substance of the allegations.  Id., at 692; Dabit v. Merrill Lynch, Pierce, Fenner & Smith, 395 F.3d 25 (2nd Cir. 2005) ( Dabit I ); Dudek v. Prudential Sec., Inc., 295 F.3d 875, 879 (8th Cir. 2002); Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 332 F.3d 116, 123 (2nd Cir. 2003); Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc., 341 F.Supp.2d 258, 265 (S.D. N.Y. 2004).

In Felton plaintiffs alleged a breach of contract by Morgan Stanley in failing to provide objective research and recommendations.  The court concluded "without difficulty that Plaintiffs' claim is a securities fraud wolf dressed up in a breach of contract sheep's clothing." Id., at 693.  The gravamen of the complaint was that conflicts of interest were created by Morgan Stanley's relationships with the companies Morgan Stanley analysts covered  which were undisclosed to Plaintiffs.  While Morgan Stanley customers believed that they were paying for and receiving informed and objective investment advice, they actually received recommendations based on Morgan Stanley's existing or desired investment banking deals.  "Plaintiffs describe this conduct as a breach by Morgan Stanley of the standardized contracts with the Plaintiffs and Class members, and so it may

ORDER - 5

have been, but it is also a quintessential example of a fraudulent omission of a material fact under the federal securities laws." Id. "Stripped to its essentials, the Amended Complaint alleges that Morgan Stanley breached its contracts with Plaintiffs by engaging in a fraudulent scheme. To regard the Amended Complaint as alleging nothing more than common law breaches of contract would reward artful pleading in a manner that the law does not permit." Id., at 693.  Accord, Dabit v. Merrill Lynch, Pierce, Fenner & Smith, 395 F.3d 25 (2nd Cir. 2005).

Any reasonable reading of Beckett's complaint evidences allegations of misrepresentation or omission of material facts in connection of the purchase or sale of securities.  The allegation of charging of undisclosed fees and paying Plaintiff share proceeds below prevailing market prices is an allegation of a misrepresentation or omission of material fact concerning the terms of the sale of stocks.

The Eighth Circuit's decision in Prof'l Mgmt. Assoc., Inc. Employees' Profit Sharing Plan v. KPMG, LLP, 335 F.3rd. 800 (8th Cir. 2003), also provides support for this holding.  In KPMG, the Court determined that SLUSA preemption applied to the plaintiff's aiding and abetting claims against KPMG because the plaintiff *implicitly alleged* misrepresentations or omissions in connection with the purchase of securities.  Id., at 802.  This decision is in line with language used by the Third Circuit in Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3rd Cir. 2005), where the Court found that the plaintiff's breach of contract claim was subject to SLUSA preemption because although a misrepresentation was not an essential element of a breach of contract claim, "[w]here as here, allegations of a material misrepresentation serve as the factual predicate of a state law claim, the misrepresentation prong is satisfied under SLUSA." Id., at 300.  See also, In re Salomon Smith Barney Mut. Fund Fees Litigation, 441 F.Supp.2d 579 (S.D. N.Y. 2006) (An attempt to distinguish between misrepresentations and omissions connected with the purchase of securities with an assessment of purportedly improper fees held unavailing).  The thrust of these decisions can be summarized in the holding of an earlier decision of the Ninth Circuit wherein the Court held that

ORDER - 6

representations, or omissions, about the value of the stock and the terms on which the plaintiffs will be able to purchase or sell the stock are properly subject to the SLUSA. <u>Falkowski v. Imation Corp.</u>, 309 F.3d 1123, 1131 (9th Cir. 2002)..

Here, Plaintiff alleges that Mellon charged transaction and service fees that were not authorized by their contract. This implicitly alleges an omission of material fact in connection with the sale or purchase of securities; ie., that transaction and service fees would be charged against funds obtained in the sale of the securities. Accordingly, these state law contract claims are subject to SLUSA removal and preemption.

Plaintiff's argument in regard to breach of fiduciary duties or unjust enrichment fares no better. Claims that investment advisors breached fiduciary duties in charging unauthorized fees have been held to necessarily coincide with the sale or purchase of securities and are based in part on material omissions or the misrepresentations concerning the fees. Accordingly, breach of fiduciary duty claims are subject to SLUSA removal and preemption. <u>In re Franklin Mut. Funds Fee Litigation</u>, 388 F.Supp.2d 451, 471-73 (D. N.J. 2005). See also, <u>Cordova v. Lehman Bros., Inc.</u>, 413 F.Supp.2d 1309 (S.D. Fla. 2006) (claim of breach of fiduciary duties in creating false assurances to investors of safety of investments subject to SLUSA preemption); <u>In re Salomon Smith Barney Mut. Fund Fees Litigation</u>, 441 F.Supp.2d 579 (S.D. N.Y. 2006) (claims of breach of fiduciary duties for assessment of improper fees subject to SLUSA preemption). The same is true for claims of unjust enrichment. The request for recovery of allegedly unlawfully obtained fees and charges imposed on the funds of sale of securities is subject to SLUSA preemption as a misrepresentation or omission of material fact coinciding with the sale of securities. <u>Rowinski v. Salomon Smith Barney</u>, 398 F.3d 294, 305 (3rd Cir. 2005); <u>In re Franklin Mut. Funds Fee Litigation</u>, 388 F.Supp.2d 451, 473 (D. N.J. 2005). Finally. Plaintiff's CPA arises out of the same core factual allegations and accordingly is subject to removal and preemption as a state law claim that implicitly alleges misrepresentations or omissions in connection with the purchase of securities. See, <u>Rowinski</u>, at 304-05.

ORDER - 7

It is well established that, once a court determines that a given state law action is preempted by the SLUSA, it must be dismissed. See, Kircher v. Putnam Funds Trust, 548 U.S. ----, 126 S.Ct. 2145, 2155, 165 L.Ed.2d 92 (2006) ("If the action is precluded, neither the District Court nor the state court may entertain it, and the proper course is to dismiss."). The impact of Mellon's alleged actions coincides with the sale of securities. The essence of the alleged unauthorized fees and the imposition of these charges against the payment of proceeds of the sale of securities is tied directly to the sale of securities and the misrepresentation or omission of material facts concerning the terms of the sales transaction. Accordingly, the test for SLUSA removal and preemption is met.

## CONCLUSION

For the reasons set forth above Plaintiff's Motion for Remand to State Court will be denied, and Defendant's Motion to Dismiss Under SLUSA will be granted.

ACCORDINGLY,

IT IS ORDERED:

(1) Plaintiff's Motion to Remand to State Court [Dkt. #10] is **DENIED,**

(2) Defendant's Motion to Dismiss Under SLUSA [Dkt. #9] is **GRANTED**, and this action DISMISSED with prejudice.

DATED this 7th day of November, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8