UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GUY BECKETT, Personal Representative of the Estate of Lois M. Beckett, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MELLON INVESTOR SERVICES, LLC, a New Jersey limited liability company,

Defendant.

Case No. C06-5245 RJB

ORDER ON PLAINTIFF'S MOTION FOR AN ORDER PERMITTING PLAINTIFF TO PROPOUND ADDITIONAL INTERROGATORIES AND REQUIRING DEFENDANT TO ANSWER THIRTY DAYS FROM SERVICE ON MARCH 15, 2010

This matter comes before the court the plaintiff's Motion for an Order Permitting Plaintiff to Propound Additional Interrogatories and Requiring Defendant to Answer Thirty Days from Service on March 15, 2010 (Dkt. 49). The court has considered the relevant pleadings and the file herein.

BACKGROUND

On March 23, 2006, plaintiff filed a civil case in Kitsap County Superior Court against defendant Mellon Investor Services LLC (*see* Dkt. 1), and on May 4, 2006, the case was removed to the United States District Court in Western District of Washington at Tacoma (Dkt. 1).

On May 8, 2006, the court issued a minute order (Dkt. 3), which required the parties to submit

their Joint Status Report and Discovery Plan no later than September 5, 2006. On September 21, 2006, the plaintiff requested new deadlines for serving and filing the Initial Disclosures and Joint Status Report to allow the plaintiff to file a motion for remand to state court. Dkt. 5. The court agreed and set the due date of the Initial Disclosures and Joint Status Report to a date subsequent to the determination of the plaintiff's motion to remand. Dkt. 8. The case was not remanded to state court (Dkt. 21), and the court dismissed the case (Dkt. 21) pursuant to the defendant's Motion to Dismiss Under Securities Litigation Uniform Standards Act ("SLUSA") (Dkt. 9).

On December 4, 2006, the plaintiff appealed the judgment to the United States Court of Appeals for the Ninth Circuit (Dkt. 23). On July 16, 2009, the United States Court of Appeals for the Ninth Circuit affirmed in part, as to the district court's dismissal of the plaintiff's allegations of omissions that were prohibited from prosecution by SLUSA; and reversed in part, as to the plaintiff's possible individual and class claims for breach of contract, breach of fiduciary duties, unjust enrichment, and/or violation of the Washington Consumer Protection Act. Dkt. 28; Dkt. 29. The possible remaining claims were remanded to federal court. Dkt 28; Dkt. 29. On February 2, 2010, this case was reassigned to Judge Robert J. Bryan. Dkt. 36.

In plaintiff's First Amended Complaint (Dkt. 30), he claims that defendant, a transfer agent for Washington Mutual and other companies, sold shares of Washington Mutual stock at plaintiff's request on March 24, 2003, and that he was paid for those shares a price below the lowest trading price for Washington Mutual shares sold on that day. Dkt. 30. Plaintiff seeks to represent a class of "hundreds if not thousands" of individuals. Dkt. 30.

On March 12, 2010 the court addressed the propriety of the plaintiff's class certification pursuant to the defendant's Motion to Dismiss Class Allegations (Dkt. 38), and dismissed the defendant's motion without prejudice, ruling that the plaintiffs have until May 14, 2010 to timely file for class certification. Dkt. 47.

<u>PLAINTIFF'S MOTION TO PROPOUND INTERROGATORIES</u>

On March 14, 2010, plaintiff served defendant with interrogatories via email, and noted that the interrogatories were in a number greater than allowed by Fed. R. Civ. P. 33 absent a stipulation by the parties or leave of court. Dkt. 54-2. (Because the email was sent on a Sunday, the parties agreed that

service was effective on Monday, March 15, 2010). The defendant has counted the interrogatories at over 50, including subparts, while the plaintiff has not commented as to the exact number of interrogatories he presented. Dkt. 54. Defendant asked plaintiff which of the 25 interrogatories the plaintiff would like it to answer, and did not stipulate to a greater number of interrogatories than the 25 allotted by Rule 33. *Id.* On March 18, 2010, plaintiff filed the instant motion requesting leave of court to propound additional interrogatories. Dkt. 49. Plaintiff contends that the propounded interrogatories are reasonable and necessary to support his motion for class certification that is due on May 14, 2010. *Id.*

Defendant, on the other hand, contends that the additional interrogatories are overly burdensome. Dkt. 53. The defendant further asserts that the plaintiff's motion should be denied because plaintiff has not provided his first 25 interrogatories before requesting to propound; plaintiff did not provide particularized reasoning as to why he seeks to exceed the limit; and because the plaintiff did not attempt to meet and confer with the defendants as required by Rule 37(a)(1). *Id.*

On April 2, 2010, the plaintiff filed his reply (Dkt. 55), and he contends that the additional interrogatories are particularly necessary to explore issues relating to the defendant's practices with respect to any person who requested it to sell shares, not only persons who requested it to sell Washington Mutual shares. Dkt. 55. Additionally, plaintiff asserts that Rule 33(a)(1) does not require a party to serve its first 25 interrogatories for before requesting to propound additional interrogatories. *Id.* The plaintiff also notes that the Rule 37(a)(1) meet and confer requirement does not apply in the context of a request to propound interrogatories. *Id.*

STANDARD

Rule 33 expressly forbids a party from serving more than 25 interrogatories on another party "without leave of court or written stipulation." Fed. R. Civ. P. 33. The parties may waive the quantity limitation in a written stipulation, and the court may grant leave to serve additional interrogatories to the extent consistent with the principles of Rule 26(b)(2). Fed. R. Civ. P. 33(a). The limitation is based on the recognition that, although interrogatories are a valuable discovery tool, "the device can be costly and may be used as a means of harassment..." Advisory Committee Note, 146 F.R.D. 675, 675 (1993). The goal of the limitation is "not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this type of discovery." *Id.*

Rule 26(b)(2) governs the court's determination on whether leave will be granted to serve additional interrogatories. The court will limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2). The party seeking leave must set forth a "particularized showing" to exceed the limit of twenty-five interrogatories. *See Duncan v. Paragon Publ'g, Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001) (denying leave to serve 99 additional interrogatories that were overly broad and burdensome in light of the common law tort claims at issue); *Archer Daniels Midland Co. v. Aon Risk Servs. Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999) (denying leave to serve additional interrogatories where defendant's request was "bereft of any showing" that specific interrogatories were required to properly defend itself)*; Mead Corp. V. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 518 (D. Minn. 1992) (denying leave to serve additional interrogatories, where party did not demonstrate necessity by showing the specific content of the interrogatories); *Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 492 (W.D.N.C. 1998) (denying leave to serve additional interrogatories where party gave no explanation of their subject matter).

## DISCUSSION

Plaintiff contends that its interrogatories are needed to obtain "the information necessary to support a motion for class certification," and that these interrogatories help to explore the "issues of numerosity, typicality and adequacy" of the potential class. Dkt. 49. Plaintiff further asserts that in order to prosecute a class action of this "scope and complexity" the "information about [defendant's] sales procedures, trades made both for Washington Mutual and the other companies is required, as well as information for what amounts were paid to its customers who requested that the defendant sell shares for them." *Id.* This reasoning, along with the specific list of interrogatories provided, make a particularized showing of the plaintiff's need to serve additional interrogatories in order to prepare to move for class certification and to prepare to present his case. The unusual manner in which this case has progressed

justifies allowing the plaintiff to serve additional interrogatories in his first set of interrogatories in order to continue this case on course.

Defendant's argument that the additional interrogatories are overly burdensome is unpersuasive without a showing as to what burden the interrogatories impose. And, while the court advises the plaintiff that it is best to meet and confer with opposing counsel over discovery issues, the meet and confer requirement is not mandatory before serving interrogatories or requesting authority for additional interrogatories. For the reasons above, the defendant should respond to plaintiff's propounded interrogatories.

Accordingly, it is hereby **ORDERED** that plaintiff's Motion for an Order Permitting Plaintiff to Propound Additional Interrogatories and Requiring Defendant to Answer Thirty Days from Service on March 15, 2010 (Dkt. 49) is **GRANTED** in part. Defendant shall respond to plaintiff's interrogatories on or before 30 days of the date hereof.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of April, 2010.

Robert J. Bryan
United States District Judge