1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GUY BECKETT, Personal Representative of
the Estate of Lois M. Beckett, individually
and on behalf of all others similarly situated,

Plaintiff,

v.

MELLON INVESTOR SERVICES, LLC, a
New Jersey limited liability company,

Defendant.

Case No. C06-5245 RJB

ORDER ON MELLON'S
MOTION TO DISMISS
PLAINTIFF'S CLASS
ACTION CONSUMER
PROTECTION ACT
CLAIM

This matter comes before the court on Mellon's Motion to Dismiss Plaintiff's Class Action Consumer Protection Act Claim (Dkt. 52).  The court has considered the relevant pleadings and the file herein.

BACKGROUND

On March 23, 2006, plaintiff filed a civil case in Kitsap County Superior Court against defendant Mellon Investor Services, LLC (*see* Dkt. 1), and on May 4, 2006, the case was removed to the United States District Court in Western District of Washington at Tacoma (Dkt. 1).  On November 8, 2006, the court dismissed the case (Dkt. 21) pursuant to the defendant's Motion to Dismiss Under Securities Litigation Uniform Standards Act ("SLUSA") (Dkt. 9).

On December 4, 2006, the plaintiff appealed the judgment to the United States Court of Appeals

for the Ninth Circuit (Dkt. 23).  On July 16, 2009, the United States Court of Appeals for the Ninth Circuit affirmed in part, as to the district court's dismissal of the plaintiff's allegations of omissions that were prohibited from prosecution by SLUSA; and reversed in part, as to the plaintiff's remaining possible claims, about which the Ninth Circuit commented,

> "Beckett could conceivably allege a breach of contract class claim that was not preempted, if, for example, the contract required Mellon to sell shares within a certain time or at a certain price, or if prohibited the charging of these fees.  Similarly, Beckett could allege a breach of fiduciary duty class claim that focuses on these actions, to the extent they violate such a duty.  And if Beckett can allege class claims for unjust enrichment and violation of the Washington Consumer Protection Act that are not based on the failure to disclose fees, then he should also be allowed to do so.

> Finally, Beckett could also amend his complaint to adequately plead an individual, as well as class, action.  SLUSA preempts only class actions alleging certain state law claims; it does not prevent individuals from alleging such claims on their own behalf."

Dkt. 28; Dkt. 29.  In accord with the Ninth Circuit's decision, the possible remaining claims were remanded to federal court.  Dkt 28; Dkt. 29.  On February 2, 2010, this case was reassigned to Judge Robert J. Bryan.  Dkt. 36.

On October 29, 2009, the plaintiff filed his First Amended Complaint (Dkt. 30), which alleges three causes of action: breach of contract, violation of Washington's Consumer Protection Act ("CPA") RCW 19.86 *et seq.*, and unjust enrichment.  To support these allegations, the plaintiff claims that defendant, a transfer agent for Washington Mutual and other companies, sold shares of Washington Mutual stock at plaintiff's request, but at a later date than the plaintiff requested.  Dkt. 30.  Plaintiff also claims that he was paid for those shares a price below the lowest trading price for Washington Mutual shares sold on the date of sale.  *Id.*  Plaintiff claims individually that he received a price below the lowest trading price because he was improperly charged certain fees, and he claims for the class that he received a price below the lowest trading price because the shares in question were not sold at the proper price.  *See* Dkt. 61.  Plaintiff seeks to represent a class of "hundreds if not thousands" of individuals.  *Id.*

## MELLON'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION CONSUMER PROTECTION ACT CLAIM

On March 25, 2010, Mellon filed Mellon's Motion to Dismiss Plaintiff's Class Action Consumer Protection Act Claim (Dkt. 52).  Mellon seeks dismissal of the class CPA claim on the grounds that it is an impermissible class-action prohibited by SLUSA.  Dkt. 52.  The defendant argues that the plaintiff has

attempted to "artfully plead around SLUSA" in his amended complaint, but that the plaintiff cannot plead around SLUSA with regard to a class action claim for violation of the CPA because CPA violations are necessarily prohibited by SLUSA. *Id.* The defendant explains that the CPA requires the plaintiff to allege and prove a deceptive practice, which along with the other SLUSA elements met by the plaintiff's claim, will place the CPA class claim under the purview of SLUSA, which then preempts the CPA class claim. *Id.*

In reply, the plaintiff argues that he "makes no claims that any misrepresentations or omissions were made in connection with the sale of the securities of class members, nor alleges the use of any manipulative device." Dkt. 61. The plaintiff explains that his "class claims do not relate to omissions or misrepresentations in connection with the selling of the shares in question, but the practice of the Defendant to pay its customers less than the amount it would have obtained from those sales." *Id.* In his first amended complaint, the plaintiff alleges a class CPA claim, stating that,

> "Defendant's practices as alleged herein of failing to sell shares of class members [sic] when requested and failing to obtain the highest available market price for the shares on the day of the sale constitute unfair and deceptive acts and practices where are unlawful and are in violation of the Consumer Protection Act of Washington, RCW 19.86.

> Defendant's practice of selling shares at less than fair market value without advising class members it has done so has the capacity to deceive reasonable consumers into believing that they obtained fair market value when, in fact, they received less. Therefore, these practices are unfair and deceptive under the Consumer Protection Act of Washington, RCW 19.86."

Dkt. 30.

## STANDARD

Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*). The task of the court in ruling on a Fed. R. Civ. P. 12(b)(6) motion is to

1   assess the legal feasibility of the complaint and determine if the plaintiff has alleged sufficient facts to

2   raise a right to relief above the speculative level.  *Id.*  When deciding a motion to dismiss, courts must

3   accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's

4   favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983)

5                                                    DISCUSSION

6           SLUSA is the most recent in a line of federal securities statutes originating with Congress' passage

7   of the Securities Act of 1993, 15 U.S.C. § 77a *et seq.*, and the Securities Act of 1934, 15 U.S.C. § 78a *et*

8   *seq.*  In 1995, Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub.L.

9   104-6, 109 Stat. 737 (1995) (codified in part at 15 U.S.C. §§ 77z-1, 78u), which applies to federal

10  securities fraud claims and sets forth rigorous pleading requirements designed to test the legal sufficiency

11  of a complaint.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 973 (9th Cir. 1999) (citing H.R.

12  Conf. Rep. No. 104-369 (1995)).  In enacting PSLRA, Congress sought to "prevent strike suits," described

13  as "meritless class actions that allege fraud in the sale of securities."  *Lander v. Hartford Life & Annuity*

14  *Ins. Co.*, 251 F.3d 101, 107 (2nd Cir. 2001).  However, the PSLRA proved ineffective at preventing

15  litigation of meritless suits because plaintiffs easily eluded PSLRA's reach by simply abandoning the use

16  of federal courts and filing suits in state court under state securities laws.  *Id.* at 107-08 and n.4 (citing

17  Pub.L. No. 105-353 § 2(2)).  In response to the unintended consequence of PSLRA, Congress enacted

18  SLUSA to "stem this shift from Federal to State courts and prevent certain State private securities class

19  action lawsuits alleging fraud from being used to frustrate the objectives of [PSLRA]."  *Merrill Lynch,*

20  *Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 82 (2006).  SLUSA sought to achieve these goals by

21  generally precluding "covered class actions" alleging fraud or misrepresentations under state law in

22  connection with "covered securities."  *Madden v. Cowen & Co.*, 576 F.3d 957 (9th Cir. 2009).  SLUSA's

23  preclusion provision states:

24          "No covered class action based upon the statutory or common law of any
             State or subdivision thereof may be maintained in any State or Federal court
25          by any private party alleging -

26              (A) a misrepresentation or omission of a material fact in connection with
                 the purchase or sale of a covered security; or
27
                 (B) that the defendant used or employed any manipulative or deceptive
28              device or contrivance in connection with the purchase or sale of a
                 covered security."

15 U.S.C. §§ 78bb(f)(1)(A).  Specifically, SLUSA precludes any "covered class action," (2) "based upon the statutory or common law of any State," (3) that alleges a "misrepresentation or omission" or any "manipulative or deceptive device or contrivance," (4) arising "in connection with the purchase or sale of a covered security."  15 U.S.C. §§ 78bb(f)(1)(A).  If a class action claim meets these elements, then the action is precluded and neither the district court no the state court may entertain it, and the claim must be dismissed.  *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643 (2006).

The defendant argues that the plaintiff's class action claim for violation of the CPA meets each of SLUSA's preclusive elements and therefore the class CPA claim must be dismissed.  Dkt. 52.  The parties do not seem to dispute that the first and second elements are met.  Dkt. 30; Dkt. 52.  First, the plaintiff seeks to represent a class of "hundreds if not thousands of individuals" (Dkt. 30) and he therefore meets the definition of a "covered class action," which is one that seeks damages on behalf of a class of fifty or more individuals.  15 U.S.C. § 78bb(f)(5)(B)(i).  Second, the plaintiff's CPA claim is based upon the statutory law of the State of Washington.  The parties do dispute, however, whether the plaintiff's class CPA claim satisfies the third and fourth preclusive elements of SLUSA.

*A. The third preclusive element of SLUSA: whether the plaintiff alleges a "misrepresentation or omission" or any "manipulative or deceptive device or contrivance"*

As to the third element, whether the plaintiff alleges a "misrepresentation or omission" or any "manipulative or deceptive device or contrivance," the defendant argues that the plaintiff's CPA claim falls squarely within SLUSA's preclusive scope because a CPA claim necessarily requires the plaintiff to plead a deception-based claim.  Dkt. 52.  The plaintiff argues that "SLUSA does not apply where no allegation of fraud about a particular security is made," and explains that his claims "do not relate to omissions or misrepresentation in connection with the selling of the shares in question, but the practice of the Defendant to pay its customers less than the amount it would have obtained from those sales."  Dkt. 61.

The defendant is correct that in order for the plaintiff to prevail on his CPA claim he must prove that Mellon committed an unfair or deceptive act or practice.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-84 ("The first element of a private CPA action is an unfair or deceptive act or practice.").  Caselaw provides little guidance on the specific meaning of SLUSA's

"deceptive device" element; however Merriam-Webster dictionary defines a "device" as

> "1. something devised or contrived as
>
>> a. (1) a plan, procedure, technique
>>
>> (2) a scheme to deceive: stratagem, trick..."

Merriam-Webster Dictionary, *Device*, http://www.merriam-webster.com/dictionary/device (Last visited Apr. 29, 2010).  Given this definition of "device," the plaintiff cannot claim that his allegation that "the practice of the Defendant to pay its customers less than the amount it would have obtained from those sales" (Dkt. 61) does not assert that the defendant used a deceptive "device," or plan, procedure, technique, or scheme to deceive.  This interpretation is supported by the holdings of other courts that have found that class claims of violations of state consumer protection statues in connection with the purchase or sale of securities run afoul of SLUSA.  *See Feitelberg v. Merrill Lynch & Co., Inc.*, 234 F. Supp. 2d 1043 (N.D. Cal. 2002), *aff'd*, 353 F.3d 765 (9th Cir. 2002); *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294 (3rd Cir. 2005); *Prof'l Mgmt Assocs., Inc. v. KPMG LLP*, 335 F.3d 1334 (8th Cir. 2003); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334 (11 Cir. 2002), cert. Denied, 537 U.S. 950 (2002); *Winne v. Equitable Life Ins.*, 315 F. Supp. 2d 404 (S.D.N.Y. 2003); *Prager v. Knight/Trimark Group, Inc.*, 124 F. Supp. 2d 229 (D.N.J. 2000).  Accordingly, the CPA requirement that the plaintiff prove a deceptive act or practice necessarily satisfies the third preclusive element of SLUSA that requires the plaintiff to assert a "misrepresentation or omission" or the use of a "manipulative or deceptive device."

*B. The fourth preclusive element of SLUSA: whether the plaintiff's claim arises "in connection with the sale of a covered security"*

As for the fourth element, the parties agree that the security underlying the plaintiff's claims is a covered security, but the parties dispute whether the plaintiff's claim arises "in connection with" the purchase or sale of that security.  Dkt. 52; Dkt. 61.  The defendant argues that the plaintiff's allegations of a deceptive practice are made "in connection with" a sale of a covered security because the alleged practice relates to the sale price of the security.  Dkt. 52.  The plaintiff, on the contrary, seems to imply that the defendant's alleged practice does not arise "in connection with" the sale of a covered security because the plaintiff's claims "do not relate to omissions or misrepresentation in connection with the selling of the shares in question, but the practice of the Defendant to pay its customers less than the amount it would have obtained from those sales."  Dkt. 61.

The Supreme Court has read the "in connection with" provision of SLUSA expansively.  *See Dabit*, 547 U.S. at 85-86.  "It is enough that the fraud alleged 'coincide' with a securities transaction" for SLUSA preemption to apply.  *Id.* at 85 (citing *United States v. O'Hagan*, 521 U.S. 642, 651 (1997)).  The Ninth Circuit has elaborated that the misrepresentation or omission, or deceptive act

> "must relate to the nature of the securities, the risks associated with their similar connection to the securities themselves.  While the fraud in question need not relate to the investment value of the securities themselves, it must have more than some tangential relation to the securities transactions."

*Falkowski v. Imation Corp*., 309 F.3d 1123, 1130-31 (9th Cir. 2002) (quoting *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1026 (9th Cir. 1999).

Here, the plaintiff's CPA claim arises "in connection with" the sale of a covered security under the expansive reading provided by the Supreme Court and the Ninth Circuit.  The plaintiff's claims allege that the defendant paid the plaintiff, and those similarly situated, prices for sales of securities that were disproportionate to the values of those securities.  Such facts assert that the plaintiff's claims at least coincide with a securities transaction and therefore arise "in connection with" the sale of covered securities.  Therefore, the plaintiff's class CPA claim satisfies all of the prohibitive elements of SLUSA, and the plaintiff's class CPA claim should be dismissed.

Accordingly, it is hereby **ORDERED** that Mellon's Motion to Dismiss Plaintiff's Class Action Consumer Protection Act Claim (Dkt. 52) is **GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 3rd day of May 2010.

Robert J. Bryan
United States District Judge